UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANGELA M.H.V. SKIBITCKY,

    Plaintiff,

        v.                                  Civ. No. 3:19-cv-00801 (WIG)

ANDREW M. SAUL,
Commissioner of
Social Security[1],

    Defendant.

## RULING ON MOTION FOR ATTORNEY'S FEES

Now before the Court is Plaintiff's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (ECF No. 21). Plaintiff seeks a total of $8,159 in attorney's fees. The Commissioner does not dispute that Plaintiff is a prevailing party, or the hourly rates requested. Rather, he opposes Plaintiff's EAJA petition on two grounds: first that the position of the Commissioner was substantially justified which would preclude an award of fees, and second that the number of hours requested is unreasonable.

### I.    BACKGROUND

Plaintiff filed her complaint in this action on July 14, 2014, seeking judicial review of the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income. The matter was fully brief, and on March 13, 2020, the case was remanded to the Commissioner for further proceedings.

---

[1]    The President nominated Andrew M. Saul to be Commissioner of Social Security; the Senate Confirmed his appointment on June 4, 2019, vote number 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

1

## II. LEGAL STANDARD

Section 2412(d) of the EAJA requires

> (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (quoting *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)). An award is permissible to "a prevailing party in a Social Security benefits case ... if the Government's position in the litigation was not 'substantially justified.'" *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (quoting 28 U.S.C. § 2412(d)(1)(A)). A position that is "substantially justified" is one "justified to a degree that could satisfy a reasonable person[,]" and "the Commissioner must demonstrate that his position had 'a reasonable basis both in law and fact.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81–82 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 563, 565 (1988)). The burden rests on the fee applicant to establish "entitlement to an award and document[ ] the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Finally, the Act defines "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." *Id.* §2412(d)(2)(G).

## DISCUSSION

### A. Was the Commissioner's position substantially justified?

The Government "bears the burden of showing that [its] position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson*, 557 F.3d at 81 (quoting *Pierce*, 487 U.S at 565). "[I]t is well-established that the Government's prelitigation conduct or its litigation position could be sufficiently unreasonable by itself to render the entire Government position not 'substantially

2

justified.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce*, 487 U.S at 565). ; *see Gomez–Beleno v. Holder*, 644 F.3d 139, 145 (2d Cir. 2011) ("[O]ur 'substantial justification' inquiry encompasses not only the litigation position of the Office of Immigration Litigation ('OIL'), but also the underlying administrative decisions...."); *Ericksson*, 557 F.3d at 82 ("When assessing the 'position of the United States,' we review both 'the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based.'" (quoting 28 U.S.C. § 2412(d)(2)(D) ) ); *Smith v. Bowen*, 867 F.2d 731, 734 (2d Cir. 1989) ("Congress made clear that for EAJA purposes, a court should inquire into both the underlying agency determination affecting the party, as well as the Government's litigation strategy in defense of that determination."). "That a case is remanded 'does not, in and of itself, suffice to establish that the Commissioner's position and the ALJ's decision lacked substantial justification.'" *Beaulieu v. Colvin*, No. 3:15-cv-449 (WIG), 2015 WL 9165877, *1 (D. Conn. Dec. 16, 2015) (citation omitted).

Applying these standards to the facts of this case, the Court finds that the litigation position of the Commissioner does not satisfy the "substantial justification" requirement.

The Commissioner argues that its position was substantially justified because there is support in the record that the ALJ properly: (a) reviewed the treatment notes of psychotherapist Dr. Reis and psychiatrist Dr. Tello; (b) assessed whether the treatment notes supported their respective assessments; and (c) reviewed the consistency of the doctors' opinions with other evidence in the record, including the opinions of the State agency consultants. (*See* ECF No. 22 at 6-8). The Commissioner argues that although the "psychotherapy sessions were more frequent than psychiatric appointments" this fact "was not such a material or impactful factor that the ALJ's decision had to address it in even more depth, after already reciting in great detail each

3

respective source's treatment notes." *Id.* at 7 (citing Tr. 21-24). The Court disagrees. Rather than attempt to show how there could be a reasonable dispute over the ALJ's reasoning, the Commissioner essentially brings a motion for reconsideration. In this case, the Commissioner's arguments fail for the same reasons articulated in this Court's opinion: the ALJ erred in the weight assessed to the opinions of treating psychiatrist Dr. Tello and treating psychiatrist Dr. Reis. (ECF No. 19 at 5-22). The Court's findings were not solely based on the disproportionate time that Plaintiff engaged in joint and individual therapy with Dr. Reis or solely on the doctor's treatment notes. Rather, the Court reviewed the entire record of evidence regarding Ms. Skibitcky's mental health history and treatment and carefully considered the records from emergency psychiatric inpatient and out-patient hospitalizations, multiple IOP programs and treatment notes from primary care physician Dr. Lipen. *Id. at 18-19*. This objective evidence supported Dr. Reis's opinions. *Id*. Moreover, the Court explained why Dr. Tello's treatment notes demonstrate poor documentation, and at worst, the unreliability of his record keeping. On this basis, the Court finds that the Commissioner's position was not "substantially justified." When the District Court "remands on the ground that the evidence was insufficient to render a ruling, the question is not whether the Commissioner was reasonable in not granting plaintiff's claim but whether or not the Commissioner was reasonable in denying her claim and pursuing his opposition to this litigation based on that very evidence." *See Hogan v. Astrue*, 752 F. Supp. 2d 412, 415 (S.D.N.Y. 2010).

### B. Is the requested number of hours reasonable?

The EAJA provides for an award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The statute further provides that the "amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services

furnished," except that attorney's fees are capped at $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of qualified attorneys to handle the type of proceeding involved, justifies a higher fee. *Id.* Additionally, a district court enjoys broad discretion in determining what is a reasonable amount of time expended in pursuing a claim. *See Aston v. Sec'y of Health & Human,* 808 F.2d 9, 11 (2d Cir. 1986); *New York Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1139 (2d Cir. 1983) ("As we have warned in the past, attorney's fees are to be awarded with an eye to moderation seeking to avoid either the reality or appearance of awarding windfall fees." (citation and quotation marks omitted)).

1. *Hourly Rate*

Plaintiff seeks an hourly rate of $205.00 for work performed in 2019. Defendant did not oppose this rate. The Court will accept plaintiff's counsel's certification that these rates accurately reflect the increase in the cost of living based on the Consumer Price Index. (ECF No. 21-2 ¶8). Thus, the only issue for the Court is the reasonableness of the number of hours for which plaintiff's counsel seeks compensation.

2. *Number of Hours Requested*

Plaintiff seeks an award of fees for 39.80 hours, for a total fee award of $8,159.00. The Commissioner next argues that the requested hours are excessive and should be reduced.

"In calculating what constitutes a "reasonable fee" under the EAJA, 'the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims.'" *Cobb v. Astrue,* No. 3:08CV1130 (MRK), 2009 WL 2940205, at *2 (D. Conn. Sept. 2, 2009) (quoting *Quarantino v. Tiffany & Co.* 166 F.3d 422, 425 (2d Cir.1998) and citing *Barfield v. N.Y. City Health and Hosps. Corp.,* 537 F.3d 132 (2d Cir. 2008)).

5

"'Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute.'" *Poulin v. Astrue,* No. 3:10CV1930 (JBA), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (quoting *Ledonne v. Astrue,* No. 3:08CV1525 (PCD), at 7 (D. Conn. Apr. 6, 2010) and citing *Cobb v. Astrue,* 08CV1130 (MRK)(WIG), 2009 WL 2940205, at *2–3 (D. Conn. Sept. 2, 2009)). Here, Plaintiff requests $8,159.00 representing 39.80 billable hours, which is within the "average" range of hours spent on Social Security disability appeals. Defendant admits that the fee request is within the "upper boundary" of a typical reasonable expenditure of time. (ECF No. at 9). Defendant does not challenge the 2.2 hours billed for case initiation. *Id.* Rather, Defendant challenges the 37.6 hours spent "on just a single brief" as an excessive expenditure in a Social Security case. The Court disagrees. Here, counsel did not represent plaintiff at the administrative level and "there was no detailed 'baseline of knowledge' of the facts of the claim prior to beginning a thorough review of the Administrative Record." (ECF No. 23 at 4). The record consisted of nine hundred pages, over six hundred pages were medical records extending over approximately 11 years from February 2007 through January 2018. Counsel spent 10.20 hours reviewing the entire nine hundred page record and preparing a chronology of the medical evidence; 13.10 hours drafting the Statement of Facts; and 14.30 hours to draft the Memorandum of Law. After careful review, the Court finds that the requested number of hours is reasonable.

### III.  CONCLUSION

For the reasons stated, Plaintiff's Motion for Attorney's Fees **(ECF No. 21)** is **GRANTED.** Attorney's fees are awarded in the amount of $8,159.00 representing 39.8 hours at an hourly rate of $205.00.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. §636(c)(3); Fed. R. Civ. P. 73(c).

SO ORDERED, this 9th day of July, 2020, at Bridgeport, Connecticut.

 */s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge